EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2014 TSPR 90 |
| Delfín sosa Suárez | 191 DPR ____ |

Número del Caso: TS-7082


Fecha: 10 de julio de 2014


Oficina de Inspección de Notarías:

        Lcdo. Manuel Ávila de Jesús
        Director



Materia: <u>Conducta Profesional – La</u> suspensión será efectiva el 17 de julio de 2014, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

  Delfín Sosa Suárez

                           TS-7082

PER CURIAM

San Juan, Puerto Rico, a 10 de julio de 2014.

Reiteradamente hemos enfatizado en la obligación que tiene todo abogado de cumplir fiel y cabalmente con todos y cada uno de los cánones de ética que rigen nuestra profesión. Sin embargo, nuevamente nos vemos obligados a suspender a otro miembro de la clase togada del ejercicio de la abogacía y la notaría por incumplir con las órdenes de este Tribunal.

I

El Lcdo. Delfín Sosa Suárez fue admitido al ejercicio de la abogacía el 20 de noviembre de 1980 y, posteriormente, al ejercicio de la

notaría el 21 de abril de 1981. Por los fundamentos expuestos a continuación, ordenamos la suspensión inmediata e indefinida del licenciado Sosa Suárez del ejercicio de la abogacía y de la notaría.

El 5 de mayo de 2014, el Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías (ODIN) presentó ante esta Curia una *Moción Urgente en Solicitud de Remedios* en referencia al caso del licenciado Sosa Suárez. En dicho documento expresó que el 22 de junio de 2012, el entonces Director Auxiliar de la ODIN, el Lcdo. Nelson J. Santiago Marrero, le informó al licenciado Sosa Suárez la existencia de deficiencias arancelarias en su obra protocolar de los años 2005, 2006, 2007 y 2010, así como en su Registro de Testimonios, que ascendía a la cantidad de $96,173.00. Para aquel entonces, se le concedió un término de quince días calendarios al licenciado Sosa Suárez para presentar cualquier objeción a dicha evaluación.

El 6 de julio de 2012, un día antes de expirar el término, el licenciado Sosa Suárez presentó su contestación a la carta enviada por ODIN. En dicha ocasión, reconoció la existencia de una deficiencia arancelaria, aunque expresó no poder corroborar la cuantía por encontrarse fuera de la jurisdicción de Puerto Rico. Por ello, solicitó un término adicional de 90 días, para corroborar las cantidades y gestionar la compra de los sellos requeridos.

**Luego de seis meses de expirado el término de 90 días concedido,** el 11 de abril de 2013, la ODIN envió una carta en la cual comunicó por segunda ocasión al licenciado Sosa Suárez su incumplimiento. En dicha ocasión, le concedió un término final e improrrogable de 20 días para que mostrara causa por la cual el asunto no debía ser remitido a esta Curia.

Así, el 6 de mayo de 2013, **cinco días luego de expirado el termino concedido por ODIN,** el licenciado Sosa Suárez respondió e informó que a pesar de haber transcurrido sobre ocho meses de la primera notificación, se le había hecho imposible lograr la cantidad total adeudada. Por ello, solicitó se le concediera un término improrrogable que venciera el 15 de julio de 2013 para corregir las deficiencias y efectuar la inspección final. Como respuesta, la ODIN concedió hasta el 27 de junio de 2013 para subsanar su obra.

El 29 de junio de 2013, **expirado el término concedido para subsanar las deficiencias,** la Inspectora de Protocolos y Notarías visitó las facilidades de la oficina del licenciado Sosa Suárez. En dicha ocasión, se pudo corroborar que en su obra protocolar el notario únicamente canceló la cantidad correspondiente a las deficiencias del año 2010, dejando al descubierto sobre $87,431 correspondientes al 2005, 2006 y 2007.

Por la situación antes descrita, la Inspectora de Protocolos y Notarías coordinó para el 16 de agosto de 2013

la reinspección final de la obra protocolar del licenciado Sosa Suárez. Sin embargo, el 13 de agosto de 2013, tres días antes de la fecha programada, el notario le informó a la Inspectora de Protocolos y Notarías que ya no le sería posible cubrir las deficiencias arancelarias pendientes.

Así las cosas, el 20 de agosto de 2013, la ODIN le comunicó al licenciado Sosa Suárez vía correo certificado con acuse de recibo un Informe en el cual se detallaba que en su obra protocolar existía una deficiencia de sobre **$87,431.** Además, le concedió un término improrrogable de 15 días calendarios para reaccionar u objetar el Informe, apercibiéndolo a su vez que, de no objetar, se procedería a elevar el escrito ante esta Curia. No obstante, **luego de ocho meses de apercibido y** por el licenciado Sosa Suárez no haber comparecido para objetar el Informe de la ODIN, dicha oficina refirió el asunto a este Tribunal.

Toda vez que el asunto fue remitido a nuestra consideración, el pasado 15 de mayo de 2014 emitimos una Resolución en la cual ordenamos al Alguacil de este Tribunal a incautar inmediatamente la obra y el sello notarial del licenciado Sosa Suárez y entregarlos al Director de la ODIN para la correspondiente investigación e informe. Por otra parte, concedimos al licenciado Sosa Suárez un término improrrogable de diez días para mostrar causa por la cual no debía ser suspendido de la abogacía y notaría. Por último, dada la monumental deuda arancelaria adeudada, remitimos el asunto a la Oficina de Investigación

y Procesamiento Criminal del Departamento de Justicia para que dicho organismo proceda con la acción correspondiente.

A pesar de haber sido notificado que el término concedido era improrrogable, el licenciado Sosa Suárez compareció el 20 de mayo de 2014, mediante *Urgente Moción Solicitando Prórroga*. Dicha solicitud se fundamentó en que su representación legal tenía planeado un viaje familiar fuera de la jurisdicción de Puerto Rico, por lo que le era imposible prepararse adecuadamente en dicho término. Por ello, solicitó un término adicional de 30 días contados a partir del 9 de junio de 2014. No obstante, transcurrido el término conferido, el licenciado Sosa Suárez no compareció durante el mismo para mostrar causa según ordenado por este Tribunal.

Así las cosas, el pasado 19 de junio de 2014, **veinticinco días luego de expirado el término concedido por esta Curia** y haciendo caso omiso de que la presentación de una moción de prórroga no extiende el término automáticamente, el licenciado Sosa Suárez compareció mediante *Moción en Cumplimiento de Orden*. En esencia, el licenciado Sosa Suárez reconoce la deuda, sin embargo, aduce las deficiencias a "irregularidades en el proceso de facturación" y a "una secretaria de la oficina, la cual ya no es empleada suya, [que] tenía delegada la tarea de adherir los correspondientes sellos y de informar cualquier deficiencia de sellos y comprobantes notificada por el Registrador de la Propiedad". Además, nos solicita que le

instruyamos sobre cómo disponer de la suma de $40,000.00 que tiene para remediar la situación.

## II

Hemos enfatizado en un sinnúmero de ocasiones el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz.[1]  Así, el Canon 9 del Código de Ética Profesional[2] establece que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".  Cuando los abogados no cumplen con las órdenes de este Tribunal demuestran menosprecio hacia nuestra autoridad, infringiendo, de ese modo, las disposiciones del Canon 9, *supra*.[3]

Asimismo, hemos reiterado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, este tiene que responder prontamente a nuestros requerimientos.[4]  Así, procede la suspensión inmediata de aquellos miembros de la profesión que incumplen con nuestros requerimientos e ignoran los apercibimientos de sanciones disciplinarias.[5]

---

[1]  In re Torres Trinidad, 183 D.P.R. 371, 374 (2011); In re Rivera Rosado, 180 D.P.R. 698 (2011); In re Prieto Rivera, 180 D.P.R. 692 (2011).

[2] 4 L.P.R.A. Ap. IX, C. 9

[3]  In re Cirino López, 184 D.P.R. Ap. (2012); In re Fidalgo Córdova, 183 D.P.R. 217, 222 (2011).

[4]  In re Torres Trinidad, supra; In re Otero Encarnación, 179 D.P.R. 827 (2010); In re Rodríguez Mena, 126 D.P.R. 202 (1990).
[5]  In re Arroyo Rivera, 182 D.P.R. 732, 735-736 (2011); In re Torres Viera, 179 D.P.R. 868 (2010); In re Feliciano Jiménez, 176 D.P.R. 234 (2009); In re Laborde Freyre I, 154 D.P.R. 112 (2001).

De otra parte, los abogados tienen una obligación inexcusable de responder diligentemente a los requerimientos de este Tribunal, así como a los de la ODIN y los de la Oficina del Procurador General.[6] Una vez el abogado se aparta de cumplir con los deberes que le impone la ley y el ordenamiento ético, incurre en conducta que acarrea una sanción disciplinaria.[7] Así, y como corolario de la doctrina, esta Curia ha resuelto que procede la suspensión indefinida e inmediata de la abogacía y la notaría cuando un notario ignora los requerimientos de la ODIN y este Tribunal.[8]

## III

Desgraciadamente, en el caso de autos nos encontramos ante otro letrado que ignora e incumple con los requerimientos de este Tribunal y de la ODIN. El licenciado Sosa Suárez hizo caso omiso e incumplió con su deber de responder oportunamente a los requerimientos de la ODIN y posteriormente, de este Tribunal. La ODIN ha notificado en varias ocasiones las deficiencias al licenciado Sosa Suárez, mientras a su vez ha realizado varios intentos para realizar la inspección final de su obra notarial, antes de acudir a este foro, sin embargo, no ha tenido éxito. Así las cosas, la ODIN acudió a esta

---

[6] In re Arroyo Rivera, supra; In re Montalvo Guzmán, 169 D.P.R. 847 (2007); In re Moreno Franco, 166 D.P.R. 787 (2006); In re Rivera Irizarry, 155 D.P.R. 687 (2001).

[7] In re Arroyo Rivera, supra; In re Montalvo Guzmán, supra.

[8] In re Montes Díaz, 184 D.P.R. 90, 94 (2012); In re Torres Rodríguez, 163 D.P.R. 144, 148 (2004).

Curia y le concedimos al licenciado Sosa Suárez diez días improrrogables para comparecer. No obstante, luego de veinticinco días de expirado el término, el licenciado respondió a nuestra orden de mostrar causa, sin subsanar las deficiencias señaladas por la ODIN. Por lo tanto, esta actitud de indiferencia y desatención que el licenciado ha mostrado ante las órdenes de este Tribunal nos fuerzan a decretar la suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría. Esto, con el apercibimiento de que no estaremos dispuestos a decretar su reinstalación hasta que cumpla con todos los señalamientos de la ODIN y nuestras resoluciones.

En cuanto a la solicitud del licenciado Sosa Suárez sobre las instrucciones a seguir respecto a la suma de dinero disponible, se le instruye que debe referirse a los pronunciamientos de la ODIN sobre las deficiencias señaladas en su obra notarial.

## IV

Por los fundamentos antes expuestos, se ordena la suspensión inmediata e indefinida del Lcdo. Delfín Sosa Suárez de la práctica de la abogacía y de la notaría. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el

cual tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días contados a partir de la notificación de la presente opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Delfín Sosa Suárez                    TS-7082

SENTENCIA

San Juan, Puerto Rico, a 10 de julio de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Delfín Sosa Suárez del ejercicio de la abogacía y la notaría.

El licenciado Sosa Suárez notificará a sus clientes que, por motivo de la suspensión, no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier Sala del Tribunal General de Justicia o Foro Administrativo en el que tenga algún caso pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo