EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
| | 2015 TSPR 26 |
| | 192 DPR ____ |
| Ricardo Pacheco Pacheco | |

Número del Caso: AB-2012-481
                 AB-2013-423
                 AB-2014-210
                 TS-10797


Fecha: 16 de marzo de 2015


Oficina de Inspección de Notarías:

        Lcdo. Manuel Ávila De Jesús
        Director


Materia: Conducta Profesional – Suspensión inmediata e indefinida de la abogacía y la notaría por incumplimiento con el Canon 9 de Ética Profesional, la Regla 9(j) del Tribunal Supremo y la Fe Pública Notarial.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| Ricardo Pacheco Pacheco | **AB-2012-0481** | **Conducta** |
| | **AB-2013-0423** | **Profesional** |
| | **AB-2014-0210** | |
| | **TS-10797** | |

*PER CURIAM*

San Juan, Puerto Rico, a 16 de marzo de 2015.

Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria en contra de un miembro de la profesión legal que ha desplegado repetidamente una conducta temeraria en desatención a nuestras órdenes.

A su vez, aprovechamos para reiterar que, conforme a nuestra autoridad como foro regulador y fiscalizador de la profesión legal, nos corresponde sancionar a aquellos notarios que no ejercen cabal, fiel y prontamente sus deberes como custodios de la fe pública. Asimismo, debemos penalizar a aquellos que asumen voluntariamente la función notarial y pretenden dejar su tarea inconclusa bajo el pretexto de falta de pago de sus honorarios.

En atención a la inobservancia de los preceptos antes establecidos, decidimos suspender al Lcdo. Ricardo Pacheco Pacheco inmediata e indefinidamente de la abogacía y la notaría.

**I**

El licenciado Pacheco Pacheco fue admitido al ejercicio de la abogacía el 4 de enero de 1994 y a la notaría el 22 de febrero del mismo año. A continuación, discutiremos el trámite y resolución de tres quejas que se presentaron en su contra y un informe de la Oficina de Inspección de Notarías (ODIN).

**TS-10,797**

El 27 de febrero de 2013, ODIN compareció ante este Foro para solicitar que ordenáramos al licenciado Pacheco Pacheco a subsanar varias deficiencias notariales, ya que este no atendió diligentemente sus requerimientos. Mediante una resolución que le fue notificada personalmente el 13 de mayo de 2013, concedimos al licenciado Pacheco Pacheco un término de 30 días para que subsanara su obra notarial "so pena de sanciones".[1]

Casi un año después, el 20 de marzo de 2014, el notario compareció y explicó que durante los últimos 3 años estuvo inmerso en una serie de situaciones personales que le impidieron atender adecuadamente los requerimientos de este Tribunal. En atención a lo anterior, decidimos

---

[1] Véase Resolución de 26 de abril de 2013 que obra en el expediente del abogado.

concederle una segunda y tercera oportunidad para que corrigiera las deficiencias de su obra notarial y le apercibimos que su incumplimiento con nuestras órdenes podría conllevar su separación del ejercicio de la profesión legal.[2]

Por su parte, ODIN reiteró el incumplimiento del notario y relató que intentó comunicarse con éste para coordinar el proceso de subsanación de su obra notarial y para atender unas quejas que fueron presentadas en su contra, pero que todos sus intentos resultaron infructuosos. A pesar de que ha transcurrido casi un año desde su última comparecencia, lo cierto es que el licenciado Pacheco Pacheco aún no ha realizado gestión alguna referente a la corrección de las deficiencias señaladas por ODIN.[3]

**AB-2013-0423**

El 11 de octubre de 2013, se presentó la Queja Núm. AB-2013-0423 en contra del licenciado Pacheco Pacheco y, posteriormente, la Subsecretaria de este Tribunal le envió unas cartas requiriéndole su contestación a la queja. A pesar de que enviamos las notificaciones a la dirección que surgía del Registro Único de Abogados (RUA), estas fueron devueltas por el Servicio de Correo Postal. En vista de ello, decidimos notificarle personalmente nuestro

---

[2] Véanse Resoluciones de 22 de noviembre de 2013 y 28 de febrero de 2014.

[3] Véase certificación negativa de ODIN enviada a la Secretaría de este Tribunal el 13 de febrero de 2015.

requerimiento y, mediante la Resolución emitida el 27 de mayo de 2014, le conferimos un término final de 5 días para cumplir con lo ordenado, con la advertencia de que su incumplimiento "podr[ía] conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión".

Con la finalidad de lograr el diligenciamiento personal de la Resolución, alguaciles de la Oficina del Alguacil del Tribunal Supremo se personaron a la oficina del notario y hablaron con uno de sus compañeros abogados, quien lo llamó en varias ocasiones para informarle la situación. Ante tales gestiones, el licenciado Pacheco Pacheco se comprometió con uno de los alguaciles, vía telefónica, a recoger la Resolución el 6 de junio de 2014.[4] En dicha ocasión, le explicamos la importancia del asunto y la necesidad de que recibiera el documento, a lo que el abogado reiteró su intención de comparecer. A pesar de haber transcurrido sobre 9 meses desde que el licenciado Pacheco Pacheco se comunicó con nosotros, este aún no ha gestionado el recibo de nuestra Resolución ni ha presentado su contestación a la Queja Núm. AB-2013-0423.

**AB-2014-0210**

El licenciado Pacheco Pacheco también incumplió con nuestros requerimientos en el trámite de la Queja Núm. AB-2014-210. Luego de intentar contactarle en dos ocasiones

---

[4] Véase Informe de Caso AB-2013-423 suscrito el 9 de junio de 2014 por la Oficina del Alguacil del Tribunal Supremo en el que se acredita el diligenciamiento negativo de la Resolución de 27 de mayo de 2014.

a través de su dirección postal para requerirle su comparecencia y contestación a la queja, ordenamos la notificación personal con el apercibimiento de que el incumplimiento podría conllevar la suspensión del ejercicio de la profesión legal.[5]

En cumplimiento con lo ordenado, los alguaciles de este Tribunal acudieron a la residencia del licenciado Pacheco Pacheco en dos instancias y sus vecinos corroboraron que éste aún residía allí. Por tal razón, los alguaciles dejaron unas hojas de aviso en su residencia. Funcionarios de este Tribunal también se personaron a la oficina legal del notario, pero no le consiguieron. Ante la imposibilidad de realizar la entrega personal, nos comunicamos vía telefónica con el licenciado Pacheco Pacheco y con su representante legal, quienes -en múltiples ocasiones- se comprometieron con atender prontamente el diligenciamiento de la Resolución.[6] Sin embargo, al día de hoy, todas las promesas de comparecer han sido incumplidas.

**AB-2012-0481**

En el 2007, el licenciado Pacheco Pacheco autorizó la Escritura Número 10 de 2007 sobre cancelación de hipoteca (Escritura) y posteriormente procedió a presentarla en el Registro de la Propiedad. El 5 de marzo de 2008, la

---

[5] Véase Resolución de 23 de octubre de 2014 en la que concedimos al licenciado Pacheco Pacheco un término final de 5 días para que contestara la Queja Núm. AB-2014-210.

[6] Véase Informe de Caso AB-2014-210 suscrito el 22 de enero de 2015 por el Alguacil del Tribunal Supremo, en el que se devuelve negativo el diligenciamiento personal de la Resolución de 23 de octubre de 2014.

Registradora de la Propiedad de Aguadilla notificó al licenciado Pacheco Pacheco la existencia de varias faltas que impedían la inscripción de la Escritura, entre ellas, la omisión de la descripción de la finca. Además, le apercibió que el asiento vencería de no ser corregido. A pesar de lo anterior, el licenciado Pacheco Pacheco dejó vencer el asiento registral y no informó tal situación a los otorgantes. Luego de solicitar un refinanciamiento del inmueble, los otorgantes descubrieron que la Escritura no fue inscrita en el Registro de la Propiedad, por lo que el inmueble continuaba gravado. Tal situación provocó que el banco le requiriera a los otorgantes una garantía adicional hasta que se produjera la cancelación del pagaré.

Conforme a los hechos expuestos, el 10 de diciembre de 2012, se presentó la Queja Núm. AB-2012-481. En ésta, se alegó que el licenciado Pacheco Pacheco no proveyó una copia de la Escritura para corregir el defecto, a pesar de que había transcurrido casi un año desde que le fue requerida. Ante lo anterior, nos solicitaron que ordenáramos al notario que proveyera una copia de la Escritura para que se pudiese preparar un acta de subsanación, corregir el defecto y lograr la cancelación del gravamen.

El 24 de julio de 2013, el letrado compareció y aceptó los hechos consignados en la queja. Explicó que procedió a presentar la Escritura en el Registro de la Propiedad, a pesar de que no había recibido pago por sus

honorarios, aranceles ni gastos para la presentación. Además, alegó que ya entregó una copia certificada de la Escritura y que su demora en corregir el defecto se debió a la falta de pago.

El 5 de febrero de 2014, el Director de ODIN presentó un Informe en el que recomendó la imposición de medidas disciplinarias en contra del licenciado Pacheco Pacheco por su "falta de diligencia […] en subsanar los defectos notificados por la Registradora de la Propiedad". Mediante una resolución notificada el 17 de marzo de 2014, concedimos al notario un término de 20 días para expresarse en torno al Informe y le apercibimos que de no comparecer se allanaría a las recomendaciones formuladas en el mismo. El notario aún no ha presentado su oposición al Informe.

## II

### A. Incumplimiento con los requerimientos y órdenes emitidos por este Tribunal

El Tribunal Supremo de Puerto Rico tiene el poder inherente de regular la profesión y, como tal, nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones responsable, competente y diligentemente.[7] Con el propósito de mantener la excelencia de la clase togada, reiteradamente hemos enfatizado la obligación que tienen

---

[7] In re Vera Vélez, res. el 14 de enero de 2015, 2015 TSPR 7, 192 DPR __ (2015).

los abogados de cumplir fiel y cabalmente con todos los cánones de ética que rigen nuestra profesión.[8]

Entre las disposiciones de mayor envergadura en nuestro ordenamiento jurídico se encuentra el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, que le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". La desatención de las órdenes y los requerimientos judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.[9] Por tal motivo, los abogados tienen una obligación inexcusable de atender y responder pronta y rigurosamente nuestras órdenes y requerimientos, en especial aquellos referentes a la investigación, tramitación y resolución de quejas y procesos disciplinarios.[10] Ello, independientemente de los procedimientos iniciados en su contra.[11]

A su vez, los abogados deben responder diligentemente a los requerimientos de ODIN y del Procurador General, puesto que su inobservancia acarrea el mismo efecto que cuando se desatiende una orden emitida por este Foro.[12] En

---

[8] In re Sosa Suarez, res. el 10 de julio de 2014, 2014 TSPR 90, 191 DPR __ (2014).

[9] In re Bryan Picó, res. el 30 de enero de 2015, 2015 TSPR 10, 192 DPR __ (2015); In re Pérez Román, res. el 20 de junio de 2014, 2014 TSPR 98, 191 DPR __ (2014); In re Martínez Romero, 188 DPR 511 (2013).

[10] In re Bryan Picó, *supra*; In re Vera Vélez, *supra*.

[11] In re Martínez Romero, 188 DPR 511 (2013); In re Chardón Dubós, res. el 30 de junio de 2014, 2014 TSPR 84, 191 DPR __ (2014).

[12] In re Chardón Dubós, *supra*.

el ejercicio de nuestra autoridad fiscalizadora de la profesión legal, y con el propósito de mantener el orden, el respeto y la excelencia que exigimos a la clase togada, hemos decidido que procederá la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de aquellos miembros que no atiendan con diligencia nuestros requerimientos, así como los emitidos por ODIN y la Oficina de la Procuradora General.[13]

Por otra parte, la Regla 9 (j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, dispone que todos los abogados tienen "la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único [de Abogados del Tribunal Supremo (RUA)]". Entre otras cosas, el abogado deberá notificar cualquier cambio en su dirección, teléfono, fax y correo electrónico. El mero incumplimiento de lo anterior también podrá conllevar la imposición de sanciones disciplinarias.[14] No olvidemos que cuando un letrado incumple con su deber de mantener al día su información de contacto, este obstaculiza el ejercicio de nuestra jurisdicción disciplinaria.[15]

B. **Incumplimiento del notario con el principio de la fe pública**

---

[13] In re Martínez Romero, *supra*, pág. 515.

[14] In re Bryan Picó, *supra*.

[15] In re Toro Soto, 181 DPR 654, 661 (2011).

Un notario puede arriesgarse -pero no viene compelido- a autorizar determinada escritura sin haber recibido previamente sus honorarios arancelarios y no arancelarios.[16] Sin embargo, desde el momento en que opta por realizar el acto notarial, el notario se obliga a cumplir con todos los requisitos que la fe pública le impone y no podrá dejar su tarea inconclusa e incompleta bajo el pretexto de falta de pago.[17]

En atención a la importancia que la función notarial posee dentro del tráfico de bienes, el notario -como custodio de la fe pública- debe ser en extremo cuidadoso y debe desempeñar su función con esmero, diligencia y estricto celo profesional.[18] Ese celo y cuidado deben desplegarse antes, durante y después de otorgar el instrumento público para asegurarse de que este no adolece de faltas o defectos que impidan su inscripción registral.[19] Una vez el notario se percate de algún defecto u omisión en la escritura o el Registrador de la Propiedad se lo señale, a este le corresponderá observar prontamente los mecanismos que la ley provee para su corrección.[20] En particular, el Art. 63 de la Ley Hipotecaria de 1979, 30 LPRA sec. 2266,

---

[16] In re Feliciano, 115 DPR 172, 181 (1984).

[17] In re Feliciano, *supra*.

[18] In re Godinez Morales, 161 DPR 219, 249 (2004).

[19] Íd.

[20] Íd., págs. 249-250.

explica la responsabilidad del notario por omisiones o defectos en los instrumentos públicos del modo siguiente:

> El notario o funcionario que por su falta cometiere alguna omisión que impida inscribir el acto o contrato, conforme a lo dispuesto en la ley, **subsanará prontamente**, al ser requerido, extendiendo a su costo un nuevo documento, si fuere posible e indemnizando en todo caso a los interesados de los perjuicios que les ocasionen su falta. (Énfasis suplido).

Por otro lado, el Canon 19 del Código de Ética Profesional, *supra*, impone al abogado y al notario el deber de "**mantener a su cliente siempre informado** de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". De conformidad con lo anterior, hemos resuelto que el notario que no atiende los defectos señalados por el Registrador de la Propiedad y no notifica tal situación a su cliente, estará sujeto a la imposición de una medida disciplinaria.[21]

### III

A pesar de las múltiples oportunidades y apercibimientos que le concedimos al licenciado Pacheco Pacheco durante la tramitación de las Quejas AB-2013-0423 y AB-2014-210 y en el procedimiento iniciado por ODIN en el expediente del abogado (TS-10,797), éste ha desplegado una conducta temeraria en desatención a nuestra autoridad como foro regulador de la profesión legal. Lo anterior constituye un craso incumplimiento con el Canon 9 del Código de Ética Profesional, *supra*. Además, su omisión de

---

[21] In re Cardona Vázquez, 108 DPR 6, 9 (1978).

mantener informado a este Tribunal sobre su dirección actual, así como su constante incumplimiento con las promesas de comparecer, provocaron una dilación en la tramitación de los procedimientos iniciados en su contra.

Además, concluimos que el licenciado Pacheco Pacheco incumplió su función como custodio de la fe pública. De su contestación a la Queja Núm. AB-2012-481, surge que el notario no atendió prontamente el señalamiento de la Registradora de la Propiedad, dejó vencer el asiento registral y no informó tal situación a los otorgantes. No obstante, este justificó su omisión de subsanar las deficiencias señaladas por el fundamento de que no le pagaron prontamente sus honorarios, aranceles y gastos de presentación. Al igual que hemos resuelto en el pasado, dicho señalamiento es inmeritorio.

Es sabido que una vez el notario decide asumir voluntariamente la función notarial, su deber y lealtad dejan de ser exclusivamente hacia el cliente puesto que se le inviste de un nuevo cargo como custodio de la fe pública. Esta importante tarea dentro del tráfico de bienes le requiere asegurarse de la validez y legalidad de los actos jurídicos que autoriza. A su vez, el notario queda compelido a ejercer diligentemente su función hasta asegurarse que el negocio jurídico que autorizó obtuvo plena eficacia, es decir, hasta cerciorarse de que el instrumento público no posee defectos que impidan su inscripción en el Registro de la Propiedad. Aun cuando

reconocemos que el notario no está obligado a otorgar una escritura sin antes recibir el pago de lo acordado, advertimos que una vez este procede a autorizarla estará obligado a cumplir con todos los requisitos que le impone la fe pública.[22] Esto incluye atender y corregir prontamente los defectos señalados por el Registrador de la Propiedad, conforme a lo dispuesto en el Art. 63 de la Ley Hipotecaria de 1979, *supra*.

**IV**

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida del Lcdo. Ricardo Pacheco Pacheco de la práctica de la abogacía y la notaría.

El licenciado Pacheco Pacheco deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar de su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del

---

[22] Véase In re Feliciano, *supra*, pág. 181.

término de treinta **(30) días,** contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Finalmente, concedemos al licenciado Pacheco Pacheco un término de sesenta **(60) días** para subsanar las deficiencias arancelarias de su obra notarial y contratar, a su costo, a un notario para corregir las deficiencias señaladas.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ricardo Pacheco Pacheco

AB-2012-0481
AB-2013-0423
AB-2014-0210
TS-10797

**Conducta
Profesional**

*SENTENCIA*

San Juan, Puerto Rico, a 16 de marzo de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Ricardo Pacheco Pacheco del ejercicio de la abogacía y la notaría.

El licenciado Pacheco Pacheco deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar de su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta **(30) días**, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Finalmente, concedemos al licenciado Pacheco Pacheco un término de sesenta **(60) días** para subsanar las deficiencias arancelarias de su obra notarial y contratar, a su costo, a un notario para corregir las deficiencias señaladas.

**Notifíquese personalmente.**

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal. La Juez Asociada señora Rodríguez Rodríguez, no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo