EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Annette González Dávila | 2015 TSPR 42<br><br>192 DPR ____ |

Número del Caso: TS-14,172


Fecha: 26 de marzo de 2015


Programa de Educación Jurídica Continua:

      Lcda. Geisa Marrero
      Directora Ejecutiva


Materia: La suspensión será efectiva el 9 de abril de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Annette González Dávila                    TS-14,172

PER CURIAM

San Juan, Puerto Rico, a 26 de marzo de 2015.

Una vez más nos corresponde ejercer nuestro rol inherente de regular la profesión al vernos obligados a suspender inmediata e indefinidamente del ejercicio de la abogacía a una profesional del Derecho. En esencia, la inobservancia en responder oportunamente las órdenes y requerimientos emitidos por este Tribunal origina el dictamen que hoy emitimos.

A continuación, pasamos a exponer los antecedentes fácticos y procesales que suscitan la aludida acción disciplinaria.

**I**

La Lcda. Annette González Dávila (licenciada González Dávila) fue admitida al ejercicio de la abogacía el 6 de agosto de 2002 y a la práctica de la notaría el 30 de junio de 2003. El asunto ante nuestra consideración se remonta al 12 de febrero de 2014, cuando la Directora Ejecutiva (Directora) del Programa de Educación Jurídica Continua (PEJC) compareció ante este Tribunal mediante *Informe sobre incumplimiento con requisito de educación jurídica continua.* En el referido informe se indicó que la licenciada González Dávila incumplió con los requisitos del PEJC durante el periodo que comprende del 1 abril de 2007 al 31 de marzo de 2009. En consecuencia, se le envió un *Aviso de Incumplimiento* en el cual se le otorgaron 60 días adicionales para tomar los cursos. La togada tampoco pagó la cuota por cumplimiento tardío establecida en la Regla 30 del Reglamento del PEJC del 2005, 4 LPRA Ap. XVII-E, R. 30.

En vista de que la letrada no cumplió con el término concedido, el 21 de enero de 2011, el PEJC le envió una citación para una vista informal a celebrarse el 24 de febrero de 2011. En la correspondiente citación se le advirtió que de no asistir a la vista informal ni comparecer por escrito, se remitiría el asunto ante este Tribunal. Empero, la licenciada González Dávila no compareció a la vista informal ni presentó escrito alguno.

Así las cosas, el Oficial Examinador del PEJC recomendó remitir el asunto a este Tribunal, conforme lo dispone la Regla 32(c) del Reglamento del PEJC del 2005, 4 LPRA Ap. XVII-E, R. 32(c). Ante la realidad de que la licenciada González Dávila incumplió con los requisitos reglamentarios de educación jurídica continua, y habida cuenta de que se le otorgó la oportunidad de ser oída, la Directora del PEJC acogió la recomendación del Oficial Examinador de presentar un informe ante este Tribunal pormenorizando el incumplimiento de la letrada y su falta de comparecencia.[1]

Cabe destacar que en su *Informe* la Directora manifestó su preocupación por la actitud pasiva demostrada por la togada en lo concerniente a los requisitos de educación jurídica continua. De esta forma, señaló que el proceder de la licenciada González Dávila no sólo ha generado costos adicionales para el PEJC relativos al proceso de incumplimiento, sino que también ha incidido en su compromiso de mantener un alto grado de excelencia y competencia, según establecido en el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2.

---

[1] En su *Informe*, la Directora Ejecutiva del Programa de Educación Jurídica Continua (PEJC) expresó que la Lcda. Annette González Dávila tampoco ha cumplido con las horas crédito requeridas para el periodo del 1 de abril de 2009 al 31 de marzo de 2011 y para el periodo del 1 de abril de 2011 al 31 de marzo de 2013. No obstante, se informó que en cuanto a estos periodos la togada aún no ha sido citada a una vista informal, según lo establece la Regla 32(c) del Reglamento del PEJC, 4 LPRA Ap. XVII-E, R. 32(c).

Examinado el *Informe* presentado por la Directora del PEJC, el 28 de febrero de 2014, emitimos una Resolución mediante la cual le concedimos un término de 20 días a la licenciada González Dávila para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía. Esto, por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. El 12 de mayo de 2014, la mencionada Resolución le fue notificada personalmente a la togada por conducto de la Oficina del Alguacil de este Tribunal. Ello se debió a que las comunicaciones que se enviaron a las direcciones que constaban de la licenciada González Dávila fueron devueltas por el correo.

Transcurrido más de un mes desde la notificación personal de la reseñada Resolución, el 18 de junio de 2014, la licenciada González Dávila compareció mediante *Moción en cumplimiento de Resolución*. En ésta, detalló que el 3 de junio de 2014 acudió a la oficina del PEJC para que le informaran el estatus de sus créditos de educación jurídica continua y conocer el procedimiento a seguir. Expresó que está consciente que se encuentra atrasada con los aludidos créditos y que tiene la disposición de ponerse al día. Asimismo, manifestó que debido a su precaria situación económica se le ha dificultado tomar los cursos por motivo del alto costo de éstos. Indicó que se encuentra desempleada y que ocasionalmente otorga

documentos notariales. Finalmente, la letrada le solicitó a este Tribunal una oportunidad para cumplir con los requerimientos del PEJC.

Ponderada la comparecencia de la licenciada González Dávila, el 26 de junio de 2014, emitimos una Resolución en la cual le concedimos un término de 90 días para que cumpliera con todos los cursos que le faltaba por tomar y, a su vez, presentara la correspondiente certificación de cumplimiento emitida por el PEJC. Esta Resolución le fue notificada a la togada el 27 de junio de 2014, por medio de la dirección electrónica con la que ésta suscribió su *Moción en cumplimiento de Resolución*. Además, el 8 de julio de 2014, se le notificó la Resolución a través de la última dirección postal que consta en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA). A la fecha en que se emite este pronunciamiento, la licenciada González Dávila no ha comparecido ni mucho menos ha cumplido con nuestra orden.

## II

Como es ampliamente conocido, este Tribunal tiene la encomienda de procurar que los miembros admitidos a la práctica de la abogacía ejerzan sus funciones responsable, competente y diligentemente. *In re* Vera Vélez, res. el 14 de enero de 2015, 2015 TSPR 7, 192 DPR ___ (2015); *In re* Del Castillo Del Valle, res. el 1 de octubre de 2014, 2014 TSPR 126, 191 DPR ___ (2014); *In re* Rodríguez Amaro, 189 DPR 307 (2013); *In re* López Morales, 184 DPR 334, 347

(2012). En lo pertinente al asunto ante nos, en infinidad de ocasiones hemos enfatizado que los abogados tienen el deber y la obligación de responder diligentemente a las órdenes emitidas por este Tribunal. *In re* Vera Vélez, *supra*; *In re* Pérez Román, res. el 20 de junio de 2014, 2014 TSPR 98, 191 DPR ___ (2014); *In re* Sosa Suárez, res. el 10 de julio de 2014, 2014 TSPR 90, 191 DPR ___ (2014); *In re* Medina Perea, 190 DPR 241 (2014). Un letrado que ignora las órdenes dictadas por este Tribunal infringe el precepto ético que dispone que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX, C. 9. *Véanse*, *In re* Pérez Román, *supra*; *In re* Sosa Suárez, *supra*; *In re* Medina Perea, *supra*; *In re* Da Silva Arocho, 189 DPR 888 (2013). Ante ello, procede la suspensión inmediata de aquellos miembros de la profesión que hagan caso omiso a nuestros requerimientos. *In re* Vera Vélez, *supra*; *In re* Pérez Román, *supra*; *In re* Sosa Suárez, *supra*; *In re* Medina Perea, *supra*; *In re* Da Silva Arocho, *supra*. Sin duda, la actitud de indiferencia y menosprecio a la autoridad del Tribunal no puede ser tomada livianamente, pues constituye un curso de acción inaceptable que acarrea la suspensión inmediata de la práctica jurídica. *In re* Medina Perea, *supra*; *In re* Da Silva Arocho, *supra*; *In re* López González, 189 DPR 581 (2013); *In re* Piñeiro Vega, 188 DPR 77 (2013).

Examinada la normativa aplicable, pasamos a resolver el asunto que nos ocupa.

### III

Conforme indicamos, la licenciada González Dávila ha hecho caso omiso a las órdenes emitidas por este Tribunal mediante la Resolución del 26 de junio de 2014. No cabe duda de que con su proceder la togada contraviene la ineludible obligación de todo miembro de la profesión de responder, diligente y oportunamente, a las órdenes dictadas por este Tribunal. Más bien, su actitud denota indiferencia y displicencia al incumplir con nuestros dictámenes.

Ante el cuadro descrito, procede que este Tribunal ejerza su facultad inherente de regular la profesión y, por consiguiente, suspenda inmediatamente del ejercicio de la abogacía a la licenciada González Dávila.

### IV

En virtud de la normativa que antecede, suspendemos inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Annette González Dávila.

A tono con ello, se le impone a la señora González Dávila el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo

anterior, dentro del término de 30 días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de la señora González Dávila y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Sra. Annette González Dávila por la Oficina del Alguacil de este Tribunal.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Annette González Dávila                    TS-14,172




SENTENCIA

San Juan, Puerto Rico, a 26 de marzo de 2015.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Annette González Dávila.

A tono con ello, se le impone a la señora González Dávila el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de la señora González Dávila y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Sra. Annette González Dávila por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo