EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Américo Martínez Romero | 2015 TSPR 49<br><br>192 DPR ____ |

Número del Caso: AB-2011-80

Fecha: 21 de abril de 2015

Oficina de la Procuradora General:

      Lcda. Tatiana Grajales Torruellas
      Subprocuradora General

      Lcda. Marangeli Colón Requejo
      Procuradora General Auxiliar

Materia: La suspensión será efectiva el 28 de abril de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Américo Martínez Romero          AB-2011-80          Queja

*PER CURIAM*

San Juan, Puerto Rico, a 21 de abril de 2015.

Una vez más nos vemos obligados a suspender a un abogado por incumplimiento con las órdenes emitidas por este Tribunal.

**I**

En el 2011, el Sr. Manuel O'Farrill García (quejoso) presentó la Queja Núm. AB-2011-0080 (Queja) en contra del Lcdo. Américo Martínez Romero. En la misma, alegó que la comunidad hereditaria a la cual pertenece contrató al abogado para que llevara a cabo unas gestiones que éste aún no había culminado. El 21 de diciembre de 2012, la Oficina del Procurador General presentó ante este Foro un Informe en el que

recomendó el archivo de la Queja y sugirió que procediéramos a ordenar al licenciado Martínez Romero la devolución del dinero que percibió por trabajos no realizados. El 7 de febrero de 2013, el quejoso nos informó que el licenciado Martínez Romero le entregó los expedientes que pertenecían a la comunidad hereditaria, pero no hizo entrega del dinero adeudado. El 26 de abril de 2013, luego de examinar la totalidad del expediente que obra ante nuestra consideración, decidimos ordenar el archivo de la Queja y apercibimos al licenciado Martínez Romero que nuestra determinación estaba condicionada a que devolviera el dinero a la parte quejosa.

Por hechos no relacionados a la Queja que ahora examinamos, el 10 de mayo de 2013, suspendimos al licenciado Martínez Romero del ejercicio de la abogacía y la notaría, y le advertimos que debía devolver a todos sus clientes, dentro del término de 30 días, los honorarios percibidos por trabajos no realizados. El 25 de septiembre de 2013, el licenciado solicitó reinstalación al ejercicio de la abogacía y la notaría. Dos semanas después, ordenamos su reinstalación exclusivamente a la práctica de la abogacía y le advertimos que se reactivarían inmediatamente todas las quejas y querellas que estaban pendientes de resolución.

El 24 de octubre de 2013, el quejoso informó que el licenciado Martínez Romero aún no se había comunicado con

relación al dinero que adeudaba a la comunidad hereditaria. Por esta razón, el 24 de enero de 2014, concedimos al licenciado Martínez Romero un "**término final e improrrogable** de **veinte (20) días**" para cumplir "con lo dispuesto en nuestra Resolución de 26 de abril de 2013". (Énfasis en el original). Vencido el término, el 31 de marzo de 2014, el quejoso reiteró el incumplimiento del letrado. Aunque indicamos que el término concedido era final e improrrogable, el 6 de febrero de 2015, otorgamos al licenciado Martínez Romero otra oportunidad para que devolviese el dinero a la parte quejosa, esta vez dentro del término de 10 días, y le apercibimos que su incumplimiento con lo ordenado podría conllevar la suspensión inmediata del ejercicio de la profesión legal. A pesar de haberle notificado personalmente nuestra resolución, al día de hoy, el licenciado no ha contestado.

**II**

El Tribunal Supremo de Puerto Rico tiene el poder inherente de regular la profesión legal y, como tal, nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones responsable, competente y diligentemente.[1] Con el propósito de mantener la excelencia de la clase togada, repetidamente hemos enfatizado la obligación que tienen los abogados de cumplir fiel y cabalmente con todos los cánones

---

[1] In re Vera Vélez, res. el 14 de enero de 2015, 2015 TSPR 7, 192 DPR __ (2015).

de ética que rigen nuestra profesión.[2]    Entre las disposiciones de mayor envergadura en nuestro ordenamiento jurídico se encuentra el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, que le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto".   La desatención de las órdenes y los requerimientos judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.[3]   Por tal motivo, hemos decidido que procederá la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de aquellos miembros que no atiendan con diligencia nuestros requerimientos, así como los emitidos por la Oficina de Inspección de Notarías (ODIN) y la Oficina del Procurador General.[4]

**III**

Desde el 2013, en cuatro ocasiones ordenamos al licenciado Martínez Romero la devolución de los honorarios que percibió por trabajos no realizados.   A pesar de las múltiples oportunidades que le concedimos, no tenemos constancia de que el abogado haya cumplido con nuestro requerimiento.   Según consta en el expediente del licenciado, la última comunicación que recibimos del

---

[2] In re Sosa Suárez, res. el 10 de julio de 2014, 2014 TSPR 90, 191 DPR __ (2014).

[3] In re Bryan Picó, res. el 30 de enero de 2015, 2015 TSPR 10, 192 DPR __ (2015); In re Pérez Román, res. el 20 de junio de 2014, 2014 TSPR 98, 191 DPR __ (2014); In re Martínez Romero, 188 DPR 511 (2013).

[4] In re Martínez Romero, *supra*, pág. 515.

quejoso, con fecha de 31 de marzo de 2014, tuvo el propósito de informar que el letrado aún no había entregado la suma adeudada a la comunidad hereditaria. Al día de hoy, el licenciado Martínez Romero no ha comparecido para informar lo contrario. Por tales razones, nos vemos obligados a decretar su suspensión del ejercicio de la abogacía de forma inmediata e indefinida.

**IV**

Por los fundamentos antes expuestos, se ordena la suspensión inmediata e indefinida del Lcdo. Américo Martínez Romero de la práctica de la abogacía. El licenciado Martínez Romero deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días, contado a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Américo Martínez Romero          AB-2011-80          Queja

SENTENCIA

San Juan, Puerto Rico, a 21 de abril de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Américo Martínez Romero del ejercicio de la abogacía.

El licenciado Martínez Romero deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de **30 días,** contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

**Notifíquese personalmente.**

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Américo Martínez Romero

TS-8545

RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de junio de 2015.

Examinada la "Moción en cumplimiento de orden y solicitud de reinstalación" presentada por el Sr. Américo Martínez Romero y la carta del Sr. Manuel O'Farrill García de 14 de mayo de 2015, damos por cumplida nuestra orden instruyendo al señor Martínez Romero a devolverle el dinero adeudado al señor O'Farrill García. En cuanto a la solicitud de reinstalación, se declara no ha lugar. No obstante, modificamos la suspensión indefinida del señor Martínez Romero a una suspensión por un término de seis meses, a computarse desde el 28 de abril de 2015, fecha en que fue suspendido originalmente.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta y el Juez Asociado señor Estrella Martínez disienten y reinstalarían al señor Martínez Romero al ejercicio de la abogacía.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo