*In re* ENMIENDAS AL REGLAMENTO DEL TRIBUNAL DE APELACIONES.

*Número:* ER-2017-07          *Resuelto:* 19 de julio de 2017

## RESOLUCIÓN

Surge del Art. 4.004 de la Ley de la Judicatura de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24 *et seq.*), que el Tribunal Supremo "aprobará las reglas internas que regirán los procedimientos y la organización del Tribunal de Apelaciones". A tono con esta facultad y mediante Resolución emitida el 21 de julio de 2004, aprobamos el Reglamento del Tribunal de Apelaciones. *In re Aprobación Reglamento T.A.*, 162 DPR 444 (2004).

Ante el tiempo transcurrido desde su aprobación, y para fomentar la eficiencia en la gestión judicial, en mayo de 2017 se evaluó la necesidad de enmendar el Reglamento del Tribunal de Apelaciones para hacer viable la notificación electrónica de las determinaciones judiciales emitidas.

En particular, se consideró el ordenamiento procesal vigente, los objetivos de eficiencia y acceso que persigue la Rama Judicial y el proceso instrumentado en el Tribunal de Primera Instancia para implementar el módulo para la Notificación Electrónica en los Tribunales (NET), iniciado en agosto de 2016. Véase Orden Administrativa de la Jueza

Presidenta Oronoz Rodríguez de 22 de julio de 2016, OAJP-2016-002, *Implementación del módulo para la Notificación en los Tribunales (NET) a los(as) abogados(as) mediante los correos electrónicos registrados en el RUA.* Finalizado el estudio del Reglamento del Tribunal de Apelaciones, resulta imprescindible incorporar enmiendas a varias de las reglas consignadas en ese Reglamento para permitir la notificación electrónica de las determinaciones judiciales.

En consecuencia, y con el convencimiento pleno de la necesidad de modernizar el proceso de notificación para dotar de mayor eficiencia judicial las operaciones del Tribunal de Apelaciones, se enmiendan las Reglas 16, 26, 28, 34, 48, 49, 50, 52, 55, 59, 69, 71 y 77 del Reglamento del Tribunal de Apelaciones de 2004. La sección denominada *Comentario: Enmiendas del 2017* se incluirá al final de cada comentario vigente de cada regla enmendada para propósitos explicativos. Las reglas enmendadas leerán como se indica a continuación:

*Regla 16—Contenido del escrito de apelación en casos civiles*
El escrito de apelación contendrá:
(A) Cubierta

.    .    .    .    .    .    .

(2) *Información sobre abogados o abogadas y partes*
Se incluirá el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o de la abogada de la parte apelante, y del abogado o de la abogada de la parte apelada; o el nombre, la dirección postal, la dirección del correo electrónico, si la tuvieran, y el teléfono de las partes, si éstas no estuvieren representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

.    .    .    .    .    .    .

*Comentario*:

.    .    .    .    .    .    .

*Comentario: Enmiendas del 2017*
Se enmienda el inciso (A)(2) para enfatizar la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en los escritos de apelación en casos civiles. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico si la tuvieran. Además, se elimina la referen-

cia a la obligación de incluir el número de colegiación, en conformidad con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, 192 DPR 791 (2014). En concordancia con lo requerido en el Reglamento del Tribunal Supremo de Puerto Rico en torno a la información sobre abogados o abogadas, se requerirá el número del Tribunal Supremo —es decir, el número asignado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA)— del abogado o de la abogada de la parte apelante o de la parte apelada, según proceda. Véase Reglas 9(j), Regla 17(d)(1)(B), 20(g)(1)(B) y 33(b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 26—Contenido del escrito de apelación en casos criminales*

(A) Cubierta

La cubierta contendrá solamente la Región Judicial de donde procede el recurso, el epígrafe del caso y el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o de la abogada de la parte apelante, los del fiscal o de la fiscal que intervino en el caso y los del Procurador General o de la Procuradora General. Si la parte apelante no estuviere representada por un abogado o abogada, deberá indicar que comparece por derecho propio e incluir su dirección postal, la dirección del correo electrónico, si la tuviera, y teléfonos.

.     .     .     .     .     .     .     .

*Comentario*:

.     .     .     .     .     .     .     .

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (A) para hacer constar la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en los escritos de apelación en casos criminales. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la obligación de incluir el número de colegiación, en armonía con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, supra. En conformidad con lo requerido en el Reglamento del Tribunal Supremo de Puerto Rico en lo que respecta a la información sobre abogados o abogadas, se requerirá el número del Tribunal Supremo (es decir, el número asignado en el RUA) del abogado o de la abogada de la parte apelante, los del fiscal o de la fiscal que intervino en el caso y los del Procurador General o de la Procuradora General, según proceda. De esta forma se hace referencia al número asignado en el RUA. Véase Reglas 9(j), 17(d)(1)(B), 20(g)(1)(B) y 33(b) del Reglamento del Tribunal

Supremo de Puerto Rico.

*Regla 28—Contenido de los alegatos en casos criminales*
(A) [...]

. . . . . . . .

(B) Cubierta
La cubierta contendrá solamente la Región Judicial de donde procede el recurso, el epígrafe del caso, el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o de la abogada de la parte apelante, los del fiscal o de la fiscal que haya intervenido en el caso y los del Procurador General o de la Procuradora General. Si la parte apelante no estuviera representada por un abogado o una abogada, deberá indicar que comparece por derecho propio e incluir su dirección postal, dirección del correo electrónico, si la tuviera, y teléfonos.

. . . . . . . .

*Comentario*:

. . . . . . . .

*Comentario: Enmiendas del 2017*
Se enmienda el inciso (B) para puntualizar la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en los alegatos criminales. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la obligación de incluir el número de colegiación, a tenor de lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, supra. En su lugar se requerirá el número del Tribunal Supremo (entiéndase, el número del RUA) del abogado o de la abogada de la parte apelante, los del fiscal o de la fiscal que intervino en el caso y los del Procurador General o de la Procuradora General, según proceda. Véase Reglas 9(j), 17(d)(1)(B), 20(g)(1)(B) y Regla 33(b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 34—Contenido de la solicitud de "certiorari"*
El escrito de *certiorari* contendrá:
(A) [...]

. . . . . . . .

(1) [...]

. . . . . . . .

(2) Información sobre abogados o abogadas y partes
Se incluirá el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o de la abogada de la parte peticionaria y del abogado o de la abogada de la parte recu-

rrida, o el nombre, la dirección postal, la dirección del correo electrónico, si la tuvieran, y el teléfono de las partes si éstas no estuvieran representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

*Comentario*:

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (A)(2) para enfatizar la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en todo escrito de *certiorari*. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la obligación de incluir el número de colegiación, a tenor de lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, supra. En su lugar, se requerirá el número del Tribunal Supremo (entiéndase, el número del RUA) del abogado o de la abogada de la parte peticionaria o de la parte recurrida, según proceda. Véase Reglas 9(j), 17(d)(1)(B), 20(g)(1)(B) y 33(b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 48—Notificación de los escritos*

Todo escrito presentado al tribunal será notificado a las demás partes por correo certificado con acuse de recibo mediante un servicio similar de entrega personal por compañía privada con acuse de recibo, mediante fax o entrega personal o a través de la dirección del correo electrónico, siempre que el documento notificado sea copia fiel y exacta del documento original.

La parte certificará el hecho de la notificación en el propio escrito. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes, pero la parte deberá asegurarse que la entrega se verifique al día siguiente. Cuando se efectúe por correo, se remitirá la notificación a los abogados o las abogadas de las partes, o a las partes, cuando no estén representadas por un abogado o una abogada. Cuando se envíe a las partes, se remitirá a la dirección postal que surja del último escrito que conste en el expediente del caso. Si la parte está representada por un abogado o una abogada, la notificación se hará a la dirección postal o al correo electrónico que surja del Registro Único de Abogados y Abogadas de Puerto Rico (RUA) a cargo del Secretario o de la Secretaria del Tribunal Supremo.

La notificación mediante entrega personal deberá hacerse en la oficina de los abogados o de las abogadas que representen a las partes, entregándolas a éstos o a éstas, o a cualquier

persona a cargo de la oficina. Si la parte no está representada por un abogado o una abogada, se entregará en el domicilio o en la dirección de la parte o de las partes, según esta información surja del último escrito que conste en el expediente, a cualquier persona de edad responsable que se encuentre en ella. En caso de entrega personal, e certificará la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas veinticuatro horas.

La notificación mediante fax deberá hacerse al número correspondiente de los abogados o de las abogadas que representen a las partes o a las partes si éstas no están representadas por un abogado o una abogada, según esta información surja del último escrito que conste en el expediente. En el caso de una notificación por fax, se certificará la forma y las circunstancias de ésta, los cual se hará dentro de las próximas veinticuatro horas.

Cuando la notificación del escrito vaya a ser efectuada dentro de los treinta días anteriores a un evento electoral, se efectuará solo personalmente o mediante correo electrónico o fax, y siempre con notificación por teléfono.

Comentario:

*Comentario: Enmiendas del 2017*

Se enmienda la Regla 48 con el propósito de añadir el método de envío por correo electrónico como opción para las notificaciones de los escritos entre las partes, siempre que el documento notificado sea copia fiel y exacta del documento original. Además, se incluye referencia precisa en cuanto a que la dirección que se usará para las partes será la que surja del expediente. Sin embargo, al notificar a los abogados y a las abogadas, se usará la dirección postal o el correo electrónico que surja del RUA. Véase Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 49—Trámite coetáneo a la decisión sobre expedición del auto de "certiorari"; notificación*

(D) La decisión del Tribunal de Apelaciones sobre la expedición del auto de *certiorari* será notificada a las partes y al tribunal recurrido en conformidad con lo dispuesto en la Regla 71(B) de este Reglamento.

Comentario:

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (D) para atemperarlo a los cambios establecidos en la Regla 71(B) de este Reglamento.

*Regla 50—Autos originales*

(A) En cualquier momento después de la presentación de la solicitud de *certiorari*, de entenderlo necesario para decidir si expide el recurso o para resolver el recurso en sus méritos, el Tribunal de Apelaciones podrá ordenar a la Secretaría del Tribunal de Primera Instancia que remita los autos originales. Esta disposición no aplica a aquellos casos que se tramitaron electrónicamente en el Tribunal de Primera Instancia y cuyo expediente electrónico se encuentra accesible para los jueces y las juezas y el personal autorizado del Tribunal de Apelaciones.

(B) Cuando el Tribunal de Apelaciones ordene la remisión de los autos, la Secretaría del Tribunal de Apelaciones deberá notificar dicha orden por teléfono o a través de la dirección del correo electrónico a la Secretaría del Tribunal de Primera Instancia. La Secretaría del Tribunal de Primera Instancia deberá remitir los autos, certificados, a la Secretaría del Tribunal de Apelaciones en un término no mayor de cinco días a partir de la notificación, salvo que por razones justificadas el tribunal disponga un término distinto.

*Comentario*:

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (A) con el propósito de establecer que la solicitud de autos originales del Tribunal de Primera Instancia no aplicará a los casos tramitados electrónicamente. Nótese que en estos casos el expediente electrónico constituye el expediente original y está disponible electrónicamente para los jueces y las juezas y el personal autorizado del Tribunal de Apelaciones, a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Se modifica el inciso (B) para añadir la opción de notificar la solicitud de autos originales al Tribunal de Primera Instancia por la vía electrónica. Además, se amplía el término a cinco días, en aras de reconocer un término razonable para el manejo de expedientes.

*Regla 52—Reconsideración; mandatos*

(B) El Tribunal de Apelaciones deberá decidir sobre la reconsideración en un término no mayor de cinco días a partir de la fecha de su presentación. Se archivará en autos copia de la notificación del dictamen dentro de las veinticuatro horas de haberse emitido la decisión. Esta notificación a las partes se hará en conformidad con lo dispuesto en la Regla 71(B) de este Reglamento.

*Comentario*:

.        .        .        .        .        .        .        .        .

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (B) para atemperarlo a los cambios
establecidos en la Regla 71(B) de este Reglamento.

*Regla 55—Contenido del escrito de hábeas corpus o "manda-
mus"; tramitación del recurso*

.        .        .        .        .        .        .        .        .

(C) La cubierta de la petición contendrá solamente el epí-
grafe, el cual identificará a la parte peticionaria y a las partes
contrarias como demandadas, y el nombre, la dirección postal,
el teléfono, el número de fax, la dirección del correo electrónico
y el número del Tribunal Supremo del abogado o de la abogada
de la parte peticionaria, si esta estuviese representada
legalmente. Inmediatamente después habrá un índice detallado
de la petición que se ajustará a lo dispuesto en la Regla 75.

*Comentario*:

.        .        .        .        .        .        .        .        .

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (C) para enfatizar la obligación de
incluir tanto la dirección postal como la dirección del correo
electrónico en los escritos de hábeas corpus o de *mandamus*.
Se elimina la obligación de incluir el número de colegiación, a
tenor de lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*,
supra. En su lugar, se requerirá el número del Tribunal Su-
premo (entiéndase, el número del RUA) del abogado o de la
abogada de la parte peticionaria, si estuviese representada
legalmente. Véase Reglas 9(j), 17(d)(1)(B), 20(g)(1)(B) y 33(b)
del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 59—Contenido del recurso de revisión*

El escrito de revisión contendrá:
    (A) Cubierta

.        .        .        .        .        .        .        .        .

    (1) [...]

.        .        .        .        .        .        .        .        .

    (2) Información sobre abogados y abogadas, y partes

Se incluirá el nombre, la dirección postal, el teléfono, el
número de fax, la dirección del correo electrónico y el número
del Tribunal Supremo del abogado o de la abogada de la parte
recurrente y el del abogado o de la abogada de la parte recu-
rrida, o el nombre, la dirección postal, la dirección del correo
electrónico, si la tuvieran, y el teléfono de las partes si éstas

no estuvieran representadas por un abogado o una abogada, con indicación de que comparecen por derecho propio.

.    .    .    .    .    .    .    .

*Comentario*:

.    .    .    .    .    .    .    .

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (A)(2) para destacar la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en los escritos de revisión. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la obligación de incluir el número de colegiación, en armonía con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, supra. En su lugar, se requerirá el número del Tribunal Supremo (entiéndase, el número del RUA) del abogado o de la abogada de la parte recurrente o de la parte recurrida, según proceda. Véase Reglas 9(j), 17(d)(1)(B), 20(g)(1)(B) y 33(b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 69—Firma de las alegaciones, mociones y otros escritos; sanciones*

(A) Toda alegación, moción y escrito presentados por una parte que esté representada por un abogado o una abogada serán firmados por lo menos por un abogado o una abogada de autos en su propio nombre, expresando su dirección postal, el teléfono, el número de fax, la dirección del correo electrónico y el número del Tribunal Supremo. Las partes no representadas por abogados o abogadas firmarán sus alegaciones, mociones o escritos, expresando su dirección postal, dirección del correo electrónico, si la tuvieran, y teléfono, e indicando claramente que comparecen por derecho propio.

.    .    .    .    .    .    .    .

*Comentario*:

.    .    .    .    .    .    .    .

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (A) para establecer que se deberá incluir tanto la dirección postal como la dirección del correo electrónico en las alegaciones, mociones y otros escritos. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la obligación de incluir el número de colegiación, en armonía con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, supra. Se requerirá, en su lugar, el número del Tribunal Supremo (es decir, el número del RUA) del abogado o de la abogada de la parte correspondiente.

Véase Reglas 9(j), 17(d)(1)(B), 20(g)(1)(B) y 33(b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 71—Notificaciones*

. . . . . . . .

(B) Notificación de decisiones y órdenes

El Secretario o la Secretaria del Tribunal de Apelaciones notificará por correo toda decisión de dicho tribunal a los abogados o las abogadas de las partes, y a cualquier parte que haya comparecido por derecho propio. La notificación indicará la fecha en la cual se dictó la decisión o la orden, incluirá una copia e indicará también la fecha del archivo en autos de copia de la notificación.

Una vez se implanten las medidas administrativas y la tecnología necesaria para ello, el Secretario o la Secretaria del Tribunal de Apelaciones notificará por medios electrónicos toda decisión de dicho tribunal a los abogados o las abogadas de las partes a la dirección del correo electrónico que surja del RUA, y a cualquier parte que haya comparecido por derecho propio a la dirección postal informada en el recurso o a la dirección del correo electrónico, si lo tuviera. Cuando el tribunal lo considere necesario, podrá ordenar también la notificación por otros medios, tales como el fax o el teléfono.

*Comentario*:

. . . . . . . .

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (B) para incorporar los avances tecnológicos en el proceso de notificación a cargo de la Secretaría del Tribunal de Apelaciones. La enmienda permite que, implementadas las medidas administrativas y la tecnología necesaria, toda decisión de este tribunal se notifique por la vía electrónica a las partes y a sus abogados o abogadas. Al realizar estas notificaciones se utilizará la dirección del correo electrónico que surja del RUA. Véase Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico. Igualmente, la enmienda permite que, en los casos por derecho propio, se notifique a la parte por correo postal a la dirección informada en el recurso o mediante el envío a la dirección de correo electrónico, si lo tuviera. Véase Reglas 67.2 y 67.6 de Procedimiento Civil, 32 LPRA Ap. V. Refiérase, además, a la Regla 254 de Procedimiento Criminal, 34 LPRA Ap. II.

*Regla 77—Legajo*

. . . . . . . .

(D) Legajo en todos los recursos
    (1) [...]
    (2) [...]

Las disposiciones contenidas en esta Regla relacionadas con la elevación de autos originales del Tribunal de Primera Instancia al Tribunal de Apelaciones no aplican a aquellos casos que se tramitaron electrónicamente en el Tribunal de Primera Instancia y cuyo expediente electrónico se encuentra accesible para los jueces y las juezas y para el personal autorizado del tribunal.

*Comentario*:

· · · · · · · ·

*Comentario: Enmiendas del 2017*

Se añade un párrafo al final de la Regla 77 para establecer que las solicitudes de autos originales del Tribunal de Primera Instancia no aplicarán a los casos tramitados electrónicamente. Nótese que en estos casos el expediente electrónico es el expediente original y están disponibles electrónicamente para los jueces y las juezas y para el personal autorizado del Tribunal de Apelaciones a través del SUMAC.

Las enmiendas incorporadas al Reglamento del Tribunal de Apelaciones en virtud de la presente Resolución tendrán vigencia inmediata y aplicarán a todos los procedimientos pendientes ante dicho tribunal.

*Notifíquese por correo electrónico al Director Administrativo de los Tribunales y al Director de la Oficina de Prensa. Publíquese.*

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

(Fdo.) Juan Ernesto Dávila Rivera
*Secretario del Tribunal Supremo*