EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Enmienda al Reglamento del Tribunal de Apelaciones | 2017 TSPR 135 |
| | 198 DPR ____ |

Número del Caso: ER-2017-7

Fecha:   19 de julio de 2017

Materia:   Resolución del Tribunal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

ER-2017-07

Enmiendas al Reglamento del
Tribunal de Apelaciones

RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de julio de 2017.

Surge del Art. 4.004 de la Ley de la Judicatura del 2003, Ley Núm. 201-2003, 4 LPRA sec. 24 *et seq.*, que el Tribunal Supremo "aprobará las reglas internas que regirán los procedimientos y la organización del Tribunal de Apelaciones". A tono con esta facultad, mediante Resolución emitida el 21 de julio de 2004, aprobamos el Reglamento del Tribunal de Apelaciones. *In re Aprobación Reglamento T.A.*, 162 DPR 444 (2004).

Ante el tiempo transcurrido desde su aprobación, y en aras de fomentar la eficiencia en la gestión judicial, en mayo de 2017, se evaluó la necesidad de enmendar el Reglamento del Tribunal de Apelaciones para viabilizar la notificación electrónica de determinaciones judiciales emitidas.

En particular, se consideró el ordenamiento procesal vigente, los objetivos de eficiencia y acceso que persigue la Rama Judicial y el proceso instrumentado en el Tribunal de Primera Instancia para implementar el módulo para la Notificación Electrónica en los Tribunales (NET), iniciado desde agosto de 2016. Véase Orden Administrativa de la Jueza Presidenta Oronoz Rodríguez de 22 de julio de 2016, OAJP-2016-002, *Implementación del módulo*

*para la Notificación en los Tribunales (NET) a los(as) abogados(as) mediante los correos electrónicos registrados en el RUA.* Finalizado el estudio del Reglamento del Tribunal de Apelaciones, resulta imprescindible incorporar enmiendas a varias de las reglas consignadas en ese Reglamento para permitir la notificación electrónica de las determinaciones judiciales.

En consecuencia, y con pleno convencimiento de la necesidad de modernizar el proceso de notificación para dotar de mayor eficiencia judicial las operaciones del Tribunal de Apelaciones, se enmiendan las Reglas 16, 26, 28, 34, 48, 49, 50, 52, 55, 59, 69, 71 y 77 del Reglamento del Tribunal de Apelaciones. La sección denominada como *Comentario: Enmiendas del 2017* se incluirá al final de cada comentario vigente de cada regla enmendada para propósitos explicativos. Las Reglas enmendadas leerán como se indica a continuación:

*Regla 16 — Contenido del escrito de apelación en casos civiles*

El escrito de apelación contendrá:

(A) Cubierta […]

(1) […]

(2) *Información sobre abogados o abogadas y partes*

Se incluirá el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o abogada de la parte apelante, y del abogado o abogada de la parte apelada; o el nombre, la dirección postal, la dirección del correo electrónico, si la tuvieran, y el teléfono de las partes, si éstas no estuvieren representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

.    .    .    .    .    .    .    .

*Comentario:* […]

*Comentario: Enmiendas del 2017*

Se enmienda el inciso A(2) para hacer énfasis en la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en los escritos de apelación en casos civiles. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Además, se elimina la referencia a la obligación de incluir el número de colegiación, en conformidad con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, 192 DPR 791 (2014). En concordancia con lo requerido en el Reglamento del Tribunal Supremo de Puerto Rico en torno a la información sobre abogados o abogadas, se requerirá el número del Tribunal Supremo —es decir, el número asignado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA)— del

abogado o de la abogada de la parte apelante o de la parte apelada, según proceda. Véase Regla 9(j); Regla 17(d)(1)(B); Regla 20(g)(1)(B), y Regla 33(b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 26 — Contenido del escrito de apelación en casos criminales*

(A) Cubierta

La cubierta contendrá solamente la Región Judicial de donde procede el recurso, el epígrafe del caso y el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o abogada de la parte apelante, los del fiscal o de la fiscal que intervino en el caso y los del Procurador General o de la Procuradora General. Si la parte apelante no estuviere representada por un abogado o abogada, deberá indicar que comparece por derecho propio e incluir su dirección postal, la dirección del correo electrónico, si la tuviera, y teléfonos.

.    .    .    .    .    .    .    .

*Comentario:* […]

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (A) para hacer constar la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en los escritos de apelación en casos criminales. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la referencia a la obligación de incluir el número de colegiación, en armonía con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, supra. En conformidad con lo requerido en el Reglamento del Tribunal Supremo de Puerto Rico en lo que respecta a la información sobre abogados o abogadas, se requerirá el número del Tribunal Supremo (es decir, el número asignado en el RUA) del abogado o de la abogada de la parte apelante, los del fiscal o de la fiscal que intervino en el caso y los del Procurador General o de la Procuradora General, según proceda. De esta forma, se hace referencia al número asignado en el RUA. Véase Regla 9(j); Regla 17(d)(1)(B); Regla 20(g)(1)(B), y Regla 33(b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 28 — Contenido de los alegatos en casos criminales*

(A) […]

(B) Cubierta

La cubierta contendrá solamente la Región Judicial de donde procede el recurso, el epígrafe del caso, el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico y el número del Tribunal Supremo del

abogado o la abogada de la parte apelante, los del fiscal o de la fiscal que haya intervenido en el caso y los del Procurador General o de la Procuradora General. Si la parte apelante no estuviere representada por un abogado o una abogada, deberá indicar que comparece por derecho propio e incluir su dirección postal, dirección del correo electrónico, si la tuviera, y teléfonos.

.      .      .      .      .      .      .      .      .

*Comentario:* […]

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (B) para puntualizar la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en los alegatos criminales. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la referencia a la obligación de incluir el número de colegiación, a tenor con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, supra. En su lugar, se requerirá el número del Tribunal Supremo (entiéndase, el número asignado en el RUA) del abogado o de la abogada de la parte apelante, los del fiscal o de la fiscal que intervino en el caso y los del Procurador General o de la Procuradora General, según proceda. Véase Regla 9(j); Regla 17(d)(1)(B); Regla 20(g)(1)(B), y Regla 33(b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 34 — Contenido de la solicitud de "certiorari"*

El escrito de *certiorari* contendrá:

(A) […]

(1) […]

(2) Información sobre abogados o abogadas y partes

Se incluirá el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o abogada de la parte peticionaria y del abogado o abogada de la parte recurrida, o el nombre, la dirección postal, la dirección del correo electrónico, si la tuvieran, y el teléfono de las partes si éstas no estuvieren representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

.      .      .      .      .      .      .      .      .

*Comentario:* […]

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (A)(2) para enfatizar la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en todo escrito de *certiorari*. Cuando las

partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la referencia a la obligación de incluir el número de colegiación, a tenor con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, supra. En su lugar, se requerirá el número del Tribunal Supremo (entiéndase, el número de RUA) del abogado o abogada de la parte peticionaria o de la parte recurrida, según proceda. Véase Regla 9(j); Regla 17(d)(1)(B); Regla 20(g)(1)(B), y Regla 33(b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 48 — Notificación de los escritos*

Todo escrito presentado al tribunal será notificado a las demás partes por correo certificado con acuse de recibo, mediante un servicio similar de entrega personal por compañía privada con acuse de recibo, mediante fax o entrega personal o a través de la dirección del correo electrónico, siempre que el documento notificado sea copia fiel y exacta del documento original.

La parte certificará el hecho de la notificación en el propio escrito. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes, pero la parte deberá asegurarse que la entrega se verifique al día siguiente. Cuando se efectúe por correo, se remitirá la notificación a los abogados o las abogadas de las partes, o a las partes, cuando no estuvieren representadas por abogado o abogada. Cuando se envíe a las partes, se remitirá a la dirección postal que surja del último escrito que conste en el expediente del caso. De estar la parte representada por abogado o abogada, la notificación se hará a la dirección postal o del correo electrónico que surja del Registro Único de Abogados y Abogadas de Puerto Rico (RUA) a cargo del Secretario o de la Secretaria del Tribunal Supremo.

La notificación mediante fax deberá hacerse al número correspondiente de los abogados o las abogadas que representen a las partes o a las partes, de no estar éstas representadas por abogado o abogada, según esta información surja del último escrito que conste en el expediente. En caso de notificación por fax, se certificará la forma y las circunstancias de la misma, lo cual se hará dentro de las próximas veinticuatro horas.

Cuando la notificación del escrito vaya a ser efectuada dentro de los treinta días anteriores a un evento electoral, se efectuará sólo personalmente o mediante correo electrónico o fax, y siempre con notificación por teléfono.

.        .        .        .        .        .        .        .

*Comentario:* […]

*Comentario: Enmiendas del 2017*

Se enmienda la Regla 48 con el propósito de añadir el método de envío por correo electrónico como opción para las notificaciones de los escritos entre las partes, siempre que el documento notificado sea copia fiel y exacta del documento original. Además, se incluye referencia precisa en cuanto a que la dirección que se usará para las partes será aquélla que surja del expediente. Sin embargo, al notificar a los abogados y a las abogadas, se usará la dirección postal o del correo electrónico que surja del RUA. Véase Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 49 — Trámite coetáneo a la decisión sobre expedición del auto de "certiorari"; notificación*

.     .     .     .     .     .     .     .

(D) La decisión del Tribunal de Apelaciones sobre la expedición del auto de *certiorari* será notificada a las partes y al tribunal recurrido en conformidad con lo dispuesto en la Regla 71(B) de este Reglamento.

*Comentario:* […]

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (D) para atemperarlo a los cambios establecidos en la Regla 71(B).

*Regla 50 — Autos originales*

(A) En cualquier momento después de la presentación de la solicitud de *certiorari*, de entenderlo necesario para decidir si expide el recurso o para resolver el recurso en sus méritos, el Tribunal de Apelaciones podrá ordenar a la Secretaría del Tribunal de Primera Instancia que remita los autos originales. Esta disposición no aplica a aquellos casos que se tramitaron electrónicamente en el Tribunal de Primera Instancia y cuyo expediente electrónico se encuentra accesible para los jueces y las juezas y el personal autorizado del Tribunal de Apelaciones.

(B) Cuando el Tribunal de Apelaciones ordene la remisión de los autos, la Secretaría del Tribunal de Apelaciones deberá notificar por teléfono o a través de la dirección del correo electrónico a la Secretaría del Tribunal de Primera Instancia dicha orden. La Secretaría del Tribunal de Primera Instancia deberá remitir los autos, certificados, a la Secretaría del Tribunal de Apelaciones en un término no mayor de cinco (5) días a partir de la notificación, salvo que por razones justificadas el tribunal disponga un término distinto.

*Comentario:* […]

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (A) con el propósito de establecer que la solicitud de autos originales del Tribunal de Primera Instancia no será de aplicación a los casos tramitados electrónicamente. Nótese que en estos casos el expediente electrónico constituye el expediente original y está disponible electrónicamente para jueces y juezas y el personal autorizado del Tribunal de Apelaciones, a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Se modifica el inciso (B) para añadir la opción de notificar la solicitud de autos originales al Tribunal de Primera Instancia por vía electrónica. Además, se amplía el término a cinco (5) días, en aras de reconocer un término razonable para el manejo de expedientes.

*Regla 52 — Reconsideración; mandatos*

.        .        .        .        .        .        .        .

(B) El Tribunal de Apelaciones deberá decidir sobre la reconsideración en un término no mayor de cinco (5) días a partir de la fecha de su presentación. Se archivará en autos copia de la notificación del dictamen dentro de las veinticuatro (24) horas de haberse emitido la decisión. Esta notificación a las partes se hará en conformidad con lo dispuesto en la Regla 71(B) de este Reglamento.

.        .        .        .        .        .        .        .

*Comentario:* […]

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (B) para atemperarlo a los cambios establecidos en la Regla 71(B).

*Regla 55 — Contenido del escrito de hábeas corpus o "mandamus"; tramitación del recurso*

.        .        .        .        .        .        .        .

(C) La cubierta de la petición contendrá solamente el epígrafe, el cual identificará a la parte peticionaria y a las partes contrarias como demandadas, y el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o abogada de la parte peticionaria, si hubiera. Inmediatamente después, habrá un índice detallado de la petición que se ajustará a lo dispuesto en la Regla 75.

.        .        .        .        .        .        .        .

*Comentario:* […]

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (C) para hacer énfasis en la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en los escritos de hábeas corpus o *mandamus*. Se elimina la referencia a la obligación de incluir el número de colegiación, a tenor con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, supra. En su lugar, se requerirá el número del Tribunal Supremo (entiéndase, el número de RUA) del abogado o abogada de la parte peticionaria, si alguno o alguna. Véase Regla 9(j); Regla 17(d)(1)(B); Regla 20(g)(1)(B), y Regla 33(b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 59 — Contenido del recurso de revisión*

El escrito de revisión contendrá:

(A) Cubierta […]

(1) […]

(2) Información sobre abogados y abogadas, y partes

Se incluirá el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o abogada de la parte recurrente y del abogado o abogada de la parte recurrida, o el nombre, la dirección postal, la dirección del correo electrónico, si la tuvieran, y el teléfono de las partes si éstas no estuvieren representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

.      .      .      .      .      .      .      .

*Comentario:* […]

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (A)(2) para destacar la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en los escritos de revisión. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la referencia a la obligación de incluir el número de colegiación, en armonía con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, supra. En su lugar, se requerirá el número del Tribunal Supremo (entiéndase, el número de RUA) del abogado o abogada de la parte recurrente o de la parte recurrida, según proceda. Véase Regla 9(j); Regla 17(d)(1)(B); Regla 20(g)(1)(B), y Regla 33(b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 69 — Firma de las alegaciones, mociones y otros escritos; sanciones*

(A) Toda alegación, moción y escrito presentado por una parte que esté representada por abogado o abogada serán

firmados por lo menos por un abogado o abogada de autos en su propio nombre, expresando su dirección postal, el teléfono, el número de fax, la dirección del correo electrónico, y el número del Tribunal Supremo. Las partes no representadas por abogados o abogadas firmarán sus alegaciones, mociones o escritos, expresando su dirección postal, dirección del correo electrónico, si la tuvieran, y teléfono, e indicando claramente que comparecen por derecho propio.

.        .        .        .        .        .        .        .

*Comentario:* […]

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (A) para establecer que se deberá incluir tanto la dirección postal como la dirección del correo electrónico en las alegaciones, mociones y otros escritos. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la referencia a la obligación de incluir el número de colegiación, en armonía con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, supra. Se requerirá, en su lugar, el número del Tribunal Supremo (es decir, el número de RUA) del abogado o de la abogada de la parte correspondiente. Véase Regla 9(j); Regla 17(d)(1)(B); Regla 20(g)(1)(B), y Regla 33(b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Regla 71 — Notificaciones*

.        .        .        .        .        .        .        .

(B) Notificación de decisiones y órdenes

El Secretario o la Secretaria del Tribunal de Apelaciones notificará por correo toda decisión de dicho tribunal a los abogados o las abogadas de las partes, y a cualquier parte que haya comparecido por derecho propio. La notificación indicará la fecha en la cual se dictó la decisión o la orden, incluirá una copia e indicará también la fecha del archivo en autos de copia de la notificación.

Una vez se implanten las medidas administrativas y la tecnología necesaria para ello, el Secretario o la Secretaria del Tribunal de Apelaciones notificará por medios electrónicos toda decisión de dicho tribunal a los abogados o las abogadas de las partes a la dirección del correo electrónico que surja del RUA, y a cualquier parte que haya comparecido por derecho propio a la dirección postal informada en el recurso o a la dirección del correo electrónico, si lo tuviera. Cuando el tribunal lo considere necesario, podrá ordenar también la notificación por otros medios, tales como el fax o teléfono.

*Comentario:* […]

*Comentario: Enmiendas del 2017*

Se enmienda el inciso (B) para incorporar los avances tecnológicos en el proceso de notificación a cargo de la Secretaría del Tribunal de Apelaciones. La enmienda permite que, implementadas las medidas administrativas y la tecnología necesaria, toda decisión de este tribunal se notifique por vía electrónica a las partes y a los abogados o las abogadas de las partes. Al realizar estas notificaciones se utilizará la dirección del correo electrónico que surja del RUA. Véase Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico. Igualmente, la enmienda viabiliza que, en los casos por derecho propio, se notifique a la parte por correo postal a la dirección informada en el recurso o mediante envío a la dirección de correo electrónico, si lo tuviera. Véase Reglas 67.2 y 67.6 de Procedimiento Civil (32 LPRA Ap. V). Refiérase, además, a la Regla 254 de Procedimiento Criminal (34 LPRA Ap. II).

*Regla 77 — Legajo*

.        .        .        .        .        .        .        .

    (D) Legajo en todos los recursos

    (1)    […]

    (2)    […]

Las disposiciones contenidas en esta Regla relacionadas a la elevación de autos originales del Tribunal de Primera Instancia al Tribunal de Apelaciones no aplican a aquellos casos que se tramitaron electrónicamente en el Tribunal de Primera Instancia y cuyo expediente electrónico se encuentra accesible para los jueces y las juezas y el personal autorizado del Tribunal.

*Comentario:* […]

*Comentario: Enmiendas del 2017*

Se añade un párrafo al final de la Regla 77 para establecer que las solicitudes de autos originales del Tribunal de Primera Instancia no serán de aplicación a los casos tramitados electrónicamente. Nótese que en estos casos el expediente electrónico es el expediente original y están disponibles electrónicamente para jueces y juezas y el personal autorizado del Tribunal de Apelaciones, a través del SUMAC.

Las enmiendas incorporadas al Reglamento del Tribunal de Apelaciones en virtud de la presente Resolución tendrán vigencia inmediata y serán aplicables a todos los procedimientos pendientes ante dicho Tribunal.

   Notifíquese por correo electrónico al Director Administrativo de los Tribunales y al Director de la Oficina de Prensa.

   Publíquese.

   Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.



                                    Juan Ernesto Dávila Rivera
                                  Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Enmiendas al Reglamento del         ER-2017-07
Tribunal de Apelaciones

RESOLUCIÓN
*Nunc Pro Tunc*

En San Juan, Puerto Rico, a 31 de julio de 2017.

Se enmienda *nunc pro tunc* nuestra Resolución del 19 de julio de 2017 a los únicos efectos de restituir un párrafo de la Regla 48 del Reglamento del Tribunal de Apelaciones, el cual regula la notificación mediante entrega personal. En concordancia, la precitada regla leerá como sigue:

*Regla 48 — Notificación de los escritos*

Todo escrito presentado al tribunal será notificado a las demás partes por correo certificado con acuse de recibo, mediante un servicio similar de entrega personal por compañía privada con acuse de recibo, mediante fax o entrega personal o a través de la dirección del correo electrónico, siempre que el documento notificado sea copia fiel y exacta del documento original.

La parte certificará el hecho de la notificación en el propio escrito. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes, pero la parte deberá asegurarse que la entrega se verifique al día siguiente. Cuando se efectúe por correo, se remitirá

la notificación a los abogados o las abogadas de las partes, o a las partes, cuando no estuvieren representadas por abogado o abogada. Cuando se envíe a las partes, se remitirá a la dirección postal que surja del último escrito que conste en el expediente del caso. De estar la parte representada por abogado o abogada, la notificación se hará a la dirección postal o del correo electrónico que surja del Registro Único de Abogados y Abogadas de Puerto Rico (RUA) a cargo del Secretario o de la Secretaria del Tribunal Supremo.

La notificación mediante entrega personal deberá hacerse en la oficina de los abogados o las abogadas que representen a las partes, entregándola a éstos o éstas o a cualquier persona a cargo de la oficina. De no estar la parte representada por abogado o abogada, se entregará en el domicilio o dirección de la parte o de las partes, según ésta surja del último escrito que conste en el expediente, a cualquier persona de edad responsable que se encuentre en ella. En caso de entrega personal, se certificará la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas veinticuatro horas.

La notificación mediante fax deberá hacerse al número correspondiente de los abogados o las abogadas que representen a las partes o a las partes, de no estar éstas representadas por abogado o abogada, según esta información surja del último escrito que conste en el expediente. En caso de notificación por fax, se certificará la forma y las circunstancias de la misma, lo cual se hará dentro de las próximas veinticuatro horas.

Cuando la notificación del escrito vaya a ser efectuada dentro de los treinta días anteriores a un evento electoral, se efectuará sólo personalmente o mediante correo electrónico o fax, y siempre con notificación por teléfono.

.     .     .     .     .     .     .     .

Esta enmienda a la Regla 48 del Reglamento del Tribunal de Apelaciones tendrá vigencia inmediata.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo